IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| DANA STEWART | : | No. 18-315-4 |

## M E M O R A N D U M

PRATTER, J.                                                                              APRIL *13*, 2023

Defendant Dana Stewart filed a motion to correct an alleged clerical error made at his sentencing hearing and to have his sentenced reduced accordingly. Because no clerical error was made at Mr. Stewart's sentencing hearing, the Court will deny the motion.

### BACKGROUND

In 2018, Mr. Stewart and 19 co-conspirators were charged for their participation in the Hilltop Drug Trafficking Group from 2014 to 2016. Mr. Stewart was charged in Count One of the Superseding Indictment with conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), and detectable amounts of mixtures and substances containing oxycodone and alprazolam, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C).

At the time that Mr. Stewart was charged, he was in Pennsylvania state custody serving a sentence of 3.5 to 7 years' imprisonment for three convictions unrelated to the drug trafficking conspiracy charged in the federal Superseding Indictment.[1] Mr. Stewart was brought from state

---

[1]     Mr. Stewart's Pennsylvania state sentence was imposed on March 10, 2016 for the following offenses: (1) possession with intent to distribute heroin in 2013; (2) tampering with evidence and fleeing/eluding police; and (3) fleeing/eluding police and possession of controlled substances including marijuana and barbiturates.

1

custody into federal custody on a writ of habeas corpus *ad prosequendum* to face the charges in the Superseding Indictment. Mr. Stewart subsequently plead guilty to a lesser-included offense of Count One of the Superseding Indictment: conspiracy to distribute a mixture and substance containing 100 grams of heroin, in violation of 21 U.S.C. §§ 846, and 841(a)(1), (b)(1)(B). Mr. Stewart and the Government entered into a guilty plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and jointly agreed to a recommended sentence of 77 months' imprisonment to be followed by a 4-year term of supervised release. The guilty plea agreement did not include a discussion of Mr. Stewart's time credits relating to his state detention.

During his guilty plea colloquy, Mr. Stewart admitted that he participated in the Hilltop Drug Trafficking Group as a drug runner from 2014 to 2016. As a drug runner, he was tasked with working regular shifts during which he met customers to distribute narcotics at the instruction of leaders within the Hilltop Drug Trafficking Group. According to the Government, Mr. Stewart was more closely associated with the leaders of the group than the other drug runners. For example, Alexander Burnett, one of the group's leaders, is Mr. Stewart's older half-brother. Mr. Stewart also operated his own customer drug phone. After Mr. Stewart was sent to prison in 2016, Mr. Stewart remained connected to the Hilltop Drug Trafficking Group through his co-conspirators, he continued to exercise control over his customer drug phone, and he continued to financially benefit from the group's drug sales.

At Mr. Stewart's sentencing hearing for the drug trafficking conspiracy charge, the Court adopted the findings of the pre-sentence report to which neither the Government nor Mr. Stewart objected. Mr. Stewart's three prior state convictions, for which he was serving a sentence of 3.5 to 7 years' imprisonment, were not considered to be relevant to the federal drug trafficking

conspiracy, thus they were counted towards his criminal history score.[2] Mr. Stewart requested that the sentence imposed by the Court for the drug trafficking conspiracy run concurrently with the state sentence he was serving at the time. Mr. Stewart also requested time credit on the federal sentence from the date that he was brought into federal custody—October 16, 2018. In other words, Mr. Stewart requested that the commencement date of his federal sentence be October 16, 2018. The Government did not object to this request.

During the sentencing hearing, the Court stated its intention that the federal sentence run concurrently with the state sentence, and that the federal sentence be credited beginning on October 16, 2018. The Court also made clear that the judgment and commitment order would reflect this recommendation. However, the Court clearly and repeatedly stated that the Bureau of Prisons (BOP) would calculate Mr. Stewart's time credit and that the Court would not interfere in the BOP's time credit calculation, despite its stated intentions. Thus, the Court's recommendation was contingent upon the BOP's agreement. At the conclusion of the hearing and in accordance with the guilty plea agreement, the Court imposed a sentence of 77 months' imprisonment to be followed by a term of 4 years' supervised release.

Mr. Stewart was then returned to state custody to continue serving his state sentence. On July 5, 2022, Mr. Stewart was paroled by the state and returned to federal custody. The BOP commenced Mr. Stewart's federal sentence this same day. Mr. Stewart's projected statutory release date is January 20, 2028.

Shortly after beginning to serve his federal sentence, Mr. Stewart filed a motion in this Court under 28 U.S.C. § 2241 requesting time credit back to October 16, 2018. The Court dismissed Mr. Stewart's § 2241 motion because § 2241 petitions for habeas corpus must be filed

---

[2]   The U.S. Probation Office calculated Mr. Stewart's criminal history score as 25 points, 9 of which came from his three prior state convictions.

3

in the district where the defendant is incarcerated, and in this case, Mr. Stewart is incarcerated in the Southern District of West Virginia. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). To date, the Government is not aware of a § 2241 petition filed by Mr. Stewart in that district.

Mr. Stewart then filed the present motion under Federal Rule of Criminal Procedure 36 seeking to correct an alleged clerical error made at his sentencing hearing. Mr. Stewart originally filed this motion *pro se* but Eugene P. Tinari, Esq., counsel for Mr. Stewart, filed a praecipe to adopt Mr. Stewart's *pro se* motion. The Government responded to Mr. Stewart's motion, so it is ripe for resolution.

## DISCUSSION

### I.      Federal Rule of Criminal Procedure 36

Rule 36 provides that a "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Altering a sentence to reflect a different commencement date, or to reflect a time credit for time served "is not cognizable in a proceeding pursuant to Federal Rule of Criminal Procedure 36." *United States v. Sanchez*, 484 F. App'x 701, 702 (3d Cir. 2012); *see also United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) ("[The defendant] asks that his federal sentence be substantively altered so that it will have commenced at a specified date. That relief is not within the ambit of Rule 36."); *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989) ("A claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Fed. R. Crim. P. 36.").  To properly seek such relief, defendants must proceed via a § 2241 petition for habeas corpus. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *Sanchez*, 484 F. App'x at

4

702 (affirming that the defendant "may seek judicial review of the BOP's calculation only by filing a habeas petition pursuant to 28 U.S.C. § 2241"). This is in part because "the BOP, and not the court, has responsibility for calculating the amount of credit to be received for time served."[3] *Sanchez*, 484 F. App'x at 701.

Here, the Court did not make a clerical error warranting relief under Rule 36. During Mr. Stewart's sentencing hearing, the Court repeatedly stated that the computation of Mr. Stewart's time credit between his state sentence and the federal sentence being imposed was properly left to the BOP. The Court provided that its "expectation is that the federal sentence is running either with [Mr. Stewart's] other [state] sentences or on its own going back, *assuming the BOP agrees with the computation*, back to October of 2018." Apr. 22, 2021 Sent'g Hr'g Tr., at 59:9–12 (emphasis added). This recommendation was reflected in the judgment and commitment order, which reads in relevant part:

> The court makes the following recommendation to the Bureau of Prisons:
> The Court's intention is for Mr. Stewart's federal sentence to be running from October 16, 2018, the date he was brought into federal custody where he has remained continually and it is acceptable to this Court (though not required) for this sentence to be served while Mr. Stewart serves a state-imposed sentence.

May 4, 2021 J. Order.

Because the Court did not make any clerical errors at sentencing, the Court will deny Mr. Stewart's motion. Further, as set forth above, it is not within the ambit of Rule 36 to adjust a sentence to reflect a new commencement date. To obtain such relief, Mr. Stewart must properly file a § 2241 habeas petition in the Southern District of West Virginia.

---

[3]    Title 18 U.S.C. § 3585 governs the calculation of credit for time served in official detention prior to the date the sentence commences. The Attorney General—acting through the BOP—and not the sentencing court, is responsible for this time-served calculation. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992). "[Section] 3585(b) does not authorize a district court to compute the credit at sentencing." *Id*. at 334.

## II.     United States Sentencing Guidelines § 5G1.3

In addition to seeking relief under Rule 36, Mr. Stewart argues that the Court can reduce his sentence under U.S.S.G. § 5G1.3. Section 5G1.3, in certain circumstances, permits a court to adjust a defendant's sentence or to make a downward departure to reflect time spent in detention. A downward departure is only permitted when the term of detention "resulted from another offense that is *relevant conduct* to the instant offense of conviction." U.S.S.G. § 5G1.3(b) (emphasis added).

Mr. Stewart is not entitled to an adjustment or a downward departure because his three state convictions are not "relevant conduct" to the federal drug trafficking offense, nor are they in any way related to this offense. U.S.S.G. § 5G1.3(b). At the time of his sentencing, the Government and the U.S. Probation Office did not consider these state convictions to be relevant to the federal drug trafficking conspiracy. Further, Mr. Stewart did not ask that these state convictions be considered relevant conduct at sentencing. Had they been considered relevant, they would not have counted towards Mr. Stewart's criminal history score.

The state convictions for which Mr. Stewart was serving a sentence include an arrest in 2013 for possession of heroin with the intent to distribute, and arrests in 2015 for tampering with evidence, fleeing and eluding the police, and possession of marijuana and barbiturates. The only potentially relevant offense is Mr. Stewart's prior possession of heroin with the intent to distribute. However, because this offense occurred in 2013, before Mr. Stewart's admitted involvement in the drug trafficking conspiracy with the Hilltop Drug Trafficking Group in 2014, it is not relevant the drug trafficking conspiracy.

Because Mr. Stewart was not serving a term of imprisonment for offenses relevant to his federal drug trafficking offense, he is not entitled to an adjustment of his sentence or a downward variance under § 5G1.3.

6

CONCLUSION

For all of these reasons, the Court denies Mr. Stewart's motion.  An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE